### PARISH *vs.* FOSS.

A physician who, in consequence of the fact that the clerk of the superior court did not have a book in which he could register, did not succeed in doing so (as required by §1409 (c) *et seq.* of the Code), but who was called to attend a patient, and did practice, can recover his fees therefor, it appearing that he registered so soon as the book was obtained by the clerk, and as soon as by writ of *mandamus* the clerk could have been made to furnish the book of registry.

January 12, 1886

Physicians.   Officers.   Actions.   Before Judge CARS-WELL.   Bulloch Superior Court.   October Term, 1884.

Foss brought complaint against Parish for $134.00 on an open account for medical services. The first item was dated December 13th, 1881.. On the trial, there was some conflict as to the reasonableness of the charges, etc., but the principal point of contest was this : The plaintiff admitted that he rendered the services sued for before he registered as a physician, as required by the act of 1880. He testified that, prior to that time, he had applied to the clerk of the superior court to be registered; the clerk did not have a book for that purpose, but said he would have one soon. He registered on January 2, 1882. The clerk testified that he did not have a book to register physicians in, but that he had registered such as applied on a sheet of paper, and transferred the names to a book as soon as he obtained it; and that he did not remember any application to register by the plaintiff before he was registered.

The court refused a non-suit. The jury found for the

Parish *vs.* Foss.

plaintiff.   The defendant moved for a new trial, which was refused, and he excepted.

D. R. GROOVER, for plaintiff in error.

T. H. POTTER, for defendant.

JACKSON, Chief Justice.

The question made here is, whether a physician who, ·in consequence of the fact that the clerk of the superior court did not have a book in which he could register, did not succeed in doing so, under Code, §1409 (c) *et seq.*, but being called by a patient, did practice, can recover his fees therefor, he having registered so soon as the book was obtained by the clerk, and as soon as by writ of *mandamus* the clerk could have been made to furnish the book of registry.

Under these facts, we think he ought to recover.   He did his best to register, and did register as soon as he could. A physician is necessary in sickness.   Is nobody to have his aid because a clerk neglects his duty?   We hardly think such was the intention of the general assembly in passing the act of 1880 above cited, in the Code.   The case is clearly distinguishable from illegal traffic in liquor without license, which does nobody good, or selling guano contrary to law, which is no case of necessity, as the need of a physician, which is often matter of life and death.

The doctor's only remedy in this case was by *mandamus* to make the clerk furnish the book; but that would take time, and he could not have registered a moment sooner. Suppose he was needed to set a limb or perform a surgical operation to save life, is he to wait on a neglectful clerk until he gets a book?   We think not.

The defendant called in the doctor to attend on his son. He was a regular physician.   His subsequent registry shows it.   No complaint is made of charges, nor is bad practice pleaded.   The doctor must be paid.

Judgment affirmed.